MEMORANDUM *
Aurelio Zuniga-Garcia appeals his conviction for the importation of marijuana, 21 U.S.C. §§ 952, 960, and possession with intent to distribute, 21 U.S.C. § 841(a)(1). Zuniga-Garcia contends that the district court abused its discretion when it denied his request for a lost or destroyed evidence jury instruction. We agree and we vacate his conviction.
1. Zuniga-Garcia was apprehended at the United States-Mexico border when *499 government agents searched his vehicle and found that the fuel tank of his truck contained marijuana. At trial, Zuniga-Gareia contended that he was unaware of the drugs in his gas tank. In its prosecution, the government relied heavily on the presence of a large black bolt in the defendant’s pocket when he was stopped at the border. At the time that he was searched and the bolt was found, Zuniga-Gareia informed the searching officer that it was for one of the many construction-related tools in his truck. At some point prior to trial all of Zuniga-Garcia’s tools were lost or destroyed while in the possession of the government. The defense requested a lost or missing evidence instruction based on the unexplained disappearance of this potentially-exculpatory evidence, but its request was denied by the district court. After two trials, the first resulting in a hung jury, Zuniga-Gareia was convicted.
2. A constitutional violation occurs as a result of the government’s failure to preserve potentially-exculpatory evidence where the evidence is “constitutionally material,” California v. Trombetta, 467 U.S. 479, 489, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984), and the loss or destruction occurs in bad faith. Arizona v. Youngblood, 488 U.S. 51, 57, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988). If the loss or destruction does not rise to a constitutional violation, relief short of dismissal may be obtained where a balancing of “the quality of the government’s conduct and the degree of prejudice to the accused” favors the latter. United States v. Flyer, 633 F.3d 911, 916 (9th Cir.2011) (quoting United States v. Loud Hawk, 628 F.2d 1139, 1152 (9th Cir.1979) (Kennedy, J., concurring)).
3. The prosecutor made the bolt a substantial part of its case, as demonstrated by the government’s reliance on it in its opening and closing statements, by the examination of the prosecutor’s own witnesses on the subject of the bolt, and by the presentation of it as inculpatory physical evidence to the jury. It was equally important that the defendant be able to present evidence that the bolt was on his person for a legitimate reason. The destruction of this evidence left the defendant without any means of refuting an important part of the prosecution’s case.
4. We therefore hold that the district court’s conclusion that the missing evidence did not have exculpatory value was clearly erroneous. Considering the nature of the government’s conduct in permitting the loss or destruction of Zuniga-Garcia’s tools after it had- been made aware of the importance of that evidence to the defendant, we hold that under Flyer, the balance favors the defendant and the failure to give the requested instruction was an abuse of discretion. Because the only relief sought by the defendant was the lesser sanction of a jury instruction, we need not consider whether the test for a constitutional violation has also been met.
REVERSED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.